United States Court of Appeals,

Eleventh Circuit.

No. 95-4924.

Susan F. WOOD, individually and as Personal Representative of the Estate of Bettie W. Wood, and Jonathan H. Wood, Jr., Plaintiffs-Appellants,

v.

ELI LILLY AND COMPANY, a New Jersey corporation, and Upjohn Company, Inc., a Delaware corporation, Defendants-Appellees.

Feb. 26, 1997.

Appeal from the United States District Court for the Southern District of Florida (No. 89-6255-CIV-JAG);  Jose A. Gonzalez, Jr., Judge.

Before HATCHETT, Chief Judge, DUBINA, Circuit Judge and COHILL[*], Senior District Judge.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE

ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO

ARTICLE V. SEC. 3(b)(6) OF THE FLORIDA CONSTITUTION

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves an unanswered question of Florida law that is determinative of this appeal. Therefore, we certify the following questions of law, based on the background recited below, to the Supreme Court of Florida for instructions.

The original complaint in this case was filed in the Broward County, Florida, Circuit Court on March 1, 1988, Case No. 88-5578-CS.  The named plaintiffs were Bettie W. Wood, Susan Wood and Jonathan H. Wood, Jr.  Bettie W. Wood died in 1991, and her estate

---

[*]Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

was substituted as a party plaintiff.

Defendants removed the action to the United States District Court for the Southern District of Florida. The gravamen of the complaint is that the plaintiffs were exposed to the drug diethylstilbestrol ("DES") *in utero* because their mother ingested DES during her pregnancies with the three plaintiffs, and that each subsequently suffered illnesses allegedly related to DES.

By order dated September 19, 1989, the district court dismissed the action because of the inability of the plaintiffs to identify the manufacturer, or manufacturers, of the DES ingested by their mother.

The plaintiffs appealed to this court, and while the appeal was pending, the Florida Supreme Court rendered its opinion in *Conley v. Boyle Drug Co.,* 570 So.2d 275 (Fla.1990) which held that a market share theory of liability could be used in DES cases to apportion liability. This theory permits a plaintiff to bring an action in such cases without requiring the plaintiff to allege or prove that a particular defendant produced or marketed the precise DES taken by (in that case) the plaintiff's mother. *Id.* at 282.

In an unpublished opinion, on May 3, 1991, this court vacated the order of the district court and remanded for reconsideration in light of *Conley.*

On December 8, 1994, the district court granted the defendants' motions for summary judgment against Bettie and Susan Woods on the grounds that their claims were barred by the applicable statute of limitations—four years.

In this case, the plaintiffs' mother ingested DES during her

pregnancies between April and November, 1956; February and November, 1958; and July 1961 and March, 1962. The original complaint in this case was filed March 1, 1988.

In August, 1978, Bettie Wood was diagnosed with clear cell adenocarcinoma. She underwent surgery followed by yearly medical examinations with no indication of a recurrence of the cancer until she was notified on March 2, 1984, that the cancer had recurred. She died in 1991, and her estate was substituted as a party.

There has never been a diagnosis of cancer for Susan Wood, although in 1978 she was diagnosed with vaginal adenosis. In January, 1987, Susan Wood had an ectopic pregnancy and therapeutic abortion, which she alleges was related to the ingestion of DES by her mother.

The issue of when the statute of limitations began to run is now before this court.

The defendants contend, and the district court held, that the statute of limitations began running more than four years before the filing of the complaint on March 1, 1988. Bettie Wood was diagnosed with clear cell adenocarcinoma in 1978 and advised that there might be a connection between her condition and the DES taken by her mother.

Susan Wood was diagnosed with vaginal adenosis in 1976 and told that this condition was often associated with DES exposure.

The plaintiffs argue that no cause of action arose for statute of limitations purposes until the Florida Supreme Court's decision in *Conley, supra,* and that application of the statute of limitations in this case would deprive the plaintiffs of their

right to access to the courts under the Florida Constitution, Art. 1, Section 21.

The district court specifically rejected plaintiffs' contentions and entered summary judgment in favor of the defendants and against Susan F. Wood individually and as Personal Representative of the Estate of Bettie W. Wood. The action involving Jonathan H. Wood, Jr. is apparently still pending in the district court.

The parties in this appeal have raised an issue of first impression under Florida law. No Florida court has addressed the question of whether the date of the decision in *Conley v. Boyle Drug Company,* 570 So.2d 275 (Fla.1990) is the benchmark for the commencement of the running of the statute of limitations in a negligence action such as this where the plaintiffs are relying on the market share theory of liability and the Florida Constitution in order to gain access to the courts despite the fact that the alleged acts of negligence, or the knowledge thereof, occurred more than four years prior to that decision.

Accordingly, we respectfully certify the following question to the Supreme Court of Florida.

IN A NEGLIGENCE ACTION CONCERNING THE DRUG DIETHYLSTILBESTROL ("DES") IN WHICH A PLAINTIFF RELIES ON THE MARKET SHARE THEORY OF LIABILITY TO RECOVER FROM THE DEFENDANTS, AS DESCRIBED IN *CONLEY V. BOYLE DRUG CO.,* 570 SO.2D 275 (FLA.1990), DOES THE STATUTE OF LIMITATIONS COMMENCE RUNNING ON THE DATE THAT *CONLEY* WAS ISSUED OR ON THE DATE THAT THE PLAINTIFF KNEW, OR REASONABLY SHOULD HAVE KNOWN, OF HER INJURY?

Our statement of the question is not meant to limit the scope of inquiry by the Florida Supreme Court. On the contrary, the particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given. *Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968). The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.