PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-4924
_____

D.C. Docket No. 89-6255-CIV


SUSAN F. WOOD, individually and
as Personal Representative of the Estate
of BETTIE W. WOOD, and JONATHAN H.
WOOD, JR.,

Plaintiffs-Appellants,


versus

ELI LILLY AND COMPANY, a New
Jersey corporation, and UPJOHN COMPANY,
INC., a Delaware corporation,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(December 29, 1997)**

Before  HATCHETT, Chief Judge,  DUBINA, Circuit Judge, and COHILL*, Senior District Judge.


_____

*Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of
Pennsylvania, sitting by designation.

PER CURIAM:

This case comes before this court on appeal from the United States District Court for the Southern District of Florida. We have jurisdiction over a final decision of a district court pursuant to 28 United States Code § 1291.

The Appellants in the above- captioned appeal, are the Estate of Bettie W. Wood, Susan F. Wood and Jonathan H. Wood. Their mother took the drug Diethylstilbestrol ("DES") during her three pregnancies. The ingestion took place at various times in the years 1956, 1958, 1961, and 1962. The original complaint was filed March 1, 1988 in the Broward County Circuit Court against Eli Lilly and Company and the Upjohn Company, Inc. Defendants removed the action to the district court. The gravamen of the complaint was that the plaintiffs were exposed to the DES in utero, and suffered subsequent illness as a result.

Bettie W. Wood was diagnosed with clear cell adenocarcinoma in August, 1978 and advised that there might be a connection between her condition and the DES taken by her mother. She underwent surgery followed by yearly medical examinations with no indication of a recurrence until, March 2, 1984, when she was notified that the cancer had recurred. She died in 1991.

There has never been a diagnosis of cancer for Susan Wood, although in 1976 she was diagnosed with vaginal adenosis, and advised that this condition was often associated with DES exposure. In January, 1987 she had an ectopic pregnancy and a therapeutic abortion, which she alleges was related to the ingestion of DES by her mother.

By order of September 19, 1989, the district court dismissed the action because the plaintiffs could not identify the manufacturer or manufacturers of the DES ingested by their

2

mother.

The plaintiffs appealed to this court, and while the appeal was pending, the Supreme Court of Florida handed down its decision in <u>Conley v. Boyle Drug Co.</u>, 570 So. 2d 275 (Fla. 1990), holding that a market share theory of liability could be used in DES cases to apportion liability.[1]

In an unpublished opinion dated May 3, 1991, this court vacated the order of the district court and remanded the case for reconsideration in light of <u>Conley</u>.

On December 8, 1994, the district court granted the defendants' motion for summary judgment against Susan F. Wood and the Estate of Bettie W. Wood on the grounds that their claims were barred by the applicable four year statute of limitations. The action involving Jonathan H. Wood, Jr. is apparently still pending in the district court.

The plaintiffs again appealed to this court, arguing that the date of the decision in <u>Conley</u> was the date on which the statute of limitations began to run. The plaintiffs asserted that no cause of action arose for statute of limitation purposes until the date of the <u>Conley</u> decision, <u>supra</u>, and that applying the four year statute of limitations in this case would deprive the plaintiffs of their right of access to the courts under the Florida Constitution, Art. 1, Section 21.

The defendants argued that the statute of limitations began to run when the plaintiffs were first advised that there "might" be a problem: 1978 for Bettie Wood and 1976 for Susan Wood.

This was an issue of first impression under Florida law, and we certified the following

---

[1]The market share theory of liability permits a plaintiff to bring an action in such cases without requiring the plaintiff to allege or prove that a particular defendant produced or marketed the precise DES taken (in this case) by the plaintiffs' mother.

question to the Supreme Court of Florida:

> In a negligence action concerning the drug Diethystilbestrol ("DES") in which a plaintiff relies on the market share theory of liability to recover from the defendants, as described in  Conley v. Boyle Drug Co., 570 So. 2d 275 (Fla. 1990), does the statute of limitations commence running on the date that Conley was issued or on the date that the plaintiff knew, or reasonably should have known, of her injury?

Wood v. Eli Lilly and Co., 106 F.3d 374, 376 (11th Cir. 1997).

The Supreme Court of Florida has now answered the question as follows:

> We answer the certified question by holding that the statute of limitations for DES negligence actions begins to run on the date that the plaintiff knew or should have known of his or her injury rather than on the date that Conley was decided.

Wood v. Ely Lilly & Co., No. 90001,  (Fla. Oct. 30, 1997).

This ruling is consistent with the decision of the district court in granting summary judgment for the defendants in this case.

The judgment of the district court is AFFIRMED.